WILLIAM HOWELL *v.* WILLIAM S. EDWARDS, ET AL.

**Conveyance to Defraud Creditors—Mortgage of Grantee to Innocent Purchasers—Validity—Election.**

An innocent mortgagee of land mortgaged by the grantee, in a deed made to defraud the creditors of the grantor, is entitled to have his debt paid out of the land before the same can be made subject to the creditors' claims.

**Creditors' Claims.**

While an innocent mortgagee of lands, mortgaged by a grantee of a deed made to defraud grantor's creditors, is entitled to receive his money, the creditors of such grantor are entitled to receive the amount in excess of the mortgagee's claim.

**Parties to Creditors' Action.**

Where the grantee, in a deed made to defraud creditors, has conveyed the land, neither he nor his grantor are necessary parties to a creditor's action to recover the excess over the sum due an innocent mortgagee of such grantee.

**Election of Creditors.**

Where the grantee of a deed made to defraud creditors, mortgages the land to an innocent party, and in a foreclosure the land is sold, creditors entitled to the excess of purchase money after the payment of the mortgage may elect to take personal judgment against the owner of the land or have the land sold.

APPEAL FROM GREEN CIRCUIT COURT.

September 22, 1874.

OPINION BY JUDGE PRYOR:

The evidence shows beyond controversy that the conveyance by James Lewis to his son, James W. Lewis, was in fraud of the rights of creditors; but the mortgages afterward executed by the son to Johnston and Hodges were executed in good faith; and the payment of these mortgages and these assignments to Edwards, including the right of the latter to foreclose, seems to be equally as clear from fraud. All these parties, including Edwards, so far as the makers of the deed and mortgages are concerned, must be regarded as innocent purchasers, and the claims due by reason of the mortgages first satisfied.

Howell, the appellant, was the owner of all these judgments, and, when adding together the amount of each, it produces a sum giving the chancellor jurisdiction; besides, there is no demurrer for the want of jurisdiction, and if there had been we see no reason why

the appellant could not have asked a court of equity to remove the incumbrances upon the property by reason of the fraud without first resorting to his execution at law in the circuit court. The constable had returned all these executions, no property having been found, evidencing the fact that there was no personal estate out of which the debts could be made. The debtor had made a fraudulent conveyance of his land to his son, and this land was encumbered by mortgages also alleged to be fraudulent, or to have been satisfied by payment from the fraudulent vendor. If he had levied the execution on the land he still would have had to resort to a court of equity to reach the funds that are now sought to be recovered, or to have removed the encumbrance upon the land. Although these mortgages are held to be valid, the original conveyance being fraudulent, the chancellor will not turn his back upon the creditor so long as any part of the fraudulent property or its proceeds can be found in the hands of either the fraudulent vendor or vendees, but cannot subject it when acquired in good faith for a valuable consideration by innocent parties. Neither the vendor of the land, his heirs or administrators were necessary parties to the action; neither had any right, title or interest in the land. The vendor could not recover it or its proceeds from the vendee, and if not, no recovery could be had by his heirs or personal representatives. The conveyance divested the owner of all right and title to the property; and none but creditors could attack it upon the ground of fraud. The vendor could not by petition rely upon the fraud, and ask that it be subjected to the payment of his honest debts; it must be done by the creditor. The son, James W. Lewis, held this land in trust for creditors; he held the legal title, the equitable right being in those to whom the father was indebted. It is true that the son was an obligor in the original notes and judgments, still, it is evident that the conveyance was made to him for the reason that he could best place it beyond the reach of those entitled to it. He paid the father for the land with the father's money and disposed of his other property regardless of the rights of creditors. The land sold under the mortgage for near six hundred dollars more than would satisfy the debt due to Edwards. The latter sets up no claim to this overplus; nor does F. S. Lewis, the purchaser, who is made a defendant and served with process, deny the right of the appellant to subject the land or its proceeds to the payment of this debt. It is maintained by appellant that the land is subject to the payment of his claim. James W. Lewis is, or was at the time of the institution of this action, in

possession of the land, although it had been previously purchased by F. S. Lewis. Under the suit of Edwards to foreclose his mortgage, James W. Lewis had been, by the sale, divested of his right to the land, and, upon the payment of the sale bonds, F. S. Lewis was entitled to a deed. The execution that issued upon this sale bond was an ordinary fief; and this land was levied upon and sold by the sheriff as the property of James W. Lewis. This was error, and passed no title to Edwards for the reason that the land belonged to F. S. Lewis, he having been the purchaser in the suit to foreclose. The chancellor might have ordered the land sold to pay the debt, but Edwards had no right, after the sale to F. S. Lewis, to have the land sold as the property of James W. Lewis under an ordinary execution so as to defeat the claim of the appellant. He had the right to his mortgage debt, but not to sell the land of F. S. Lewis or James Lewis or James Lewis' son, as the land of James W. Lewis, and particularly when the appellant was making an effort to subject it by this proceeding in equity to which Edwards was a party, as the property of James Lewis' son by reason of the fraud. The court below should have subjected this land to the payment of appellant's claim, giving preference, however, to Edwards for his money due on the sale bond with the interest. The land having been purchased by F. S. Lewis, and the proceeds, after paying the mortgage debt, being the property of James Lewis and held in trust by the son for creditors by reason of the fraud, the appellant, to the extent of F. S. Lewis' indebtedness for it, had the right to subject it to the satisfaction of his claim. He should be allowed at his election to take a personal judgment against F. S. Lewis or have the land sold. The discharge in bankrupcy of James W. Lewis from the payment of his debts is no bar to this proceeding. It is not to subject his property, but the property he holds in trust for others. The judgment of the court below is *reversed* and cause remanded for further proceedings consistent with this opinion.

*William Howell, for appellant.*
*William W. Chelf, for appellees.*